IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

FELIX ANTONIO COLON,

                              Plaintiff,

    -v.-                                          9:03-CV-1018
                                                 (LEK)(DEP)


KATHLEEN H. SAWYER, *et al.*,

                              Defendants.

-----------------------------------------------------------------

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

FELIX ANTONIO COLON
Plaintiff, *pro se*

FOR DEFENDANT:

HON. GLENN T. SUDDABY            BARBARA D. COTTRELL, ESQ.
United States Attorney           Assistant U.S. Attorney
James T. Foley U.S. Courthouse
445 Broadway
Room 218
Albany, NY 12207-2924

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE


                    DECISION AND ORDER

        Plaintiff Felix Antonio Colon, a federal prison inmate who is

proceeding *pro se* and *in forma pauperis,* has commenced this action

against various employees of the federal Bureau of Prisons ("BOP"), claiming deprivation of his constitutional rights.[1]  In his complaint plaintiff alleges that as a result of defendants' actions he was exposed to environmental tobacco smoke ("ETS"), or second hand smoke, while incarcerated at the Ray Brook Federal Correctional Institution ("FCI Ray Brook"), and that as a result he suffered adverse physical consequences. Colon alleges that defendants' conduct resulted in his experiencing cruel and unusual punishment, in violation of the Eighth Amendment.

Currently pending before the court are two separate motions brought by the plaintiff.  In his first, plaintiff seeks to compel service of an amended complaint filed in the action on the various defendants named by him. Plaintiff's second motion seeks to require the defendants to retain separate counsel, asserting that a nonwaivable conflict of interest results from unified representation of all of the defendants.  Defendants have opposed both motions.

For the reasons set forth below I will grant plaintiff's motion to compel

---

[1]     Because plaintiff is a federal inmate alleging constitutional claims against federal employees, his claims are brought pursuant to *Bivens* v. *Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971), which recognized a federal analog to actions brought pursuant to 42 U.S.C. § 1983 against persons officials who, acting under color of state law, are alleged to have committed constitutional violations.

service, in part, but otherwise deny it as moot, and additionally will deny
plaintiff's motion to disqualify counsel of record from representing all of the
defendants named in plaintiff's amended complaint.

I.      BACKGROUND

Plaintiff commenced this action on August 18, 2003.  Dkt. No. 1.  In
his original complaint plaintiff named, as defendants, several BOP
employees including Kathleen H. Sawyer, the agency's Director; Harland
Smith, a Unit Counselor; Juliette Hurley, a Unit Case Manager; Connie
Copeland, a Unit Manager; C. Chester, a BOP Assistant Warden; (first
name unknown) Sherrod, also an Assistant Warden; and Michael K. Nalley,
the Warden at FCI Ray Brook.

Upon commencement of the action, an order was issued on
September 10, 2003 by District Judge Lawrence E. Kahn in which, *inter alia*,
plaintiff was directed to provide waiver of service of process forms for each
of the defendants to the United States Marshal, together with an adequate
number of copies of his complaint, for service.  Dkt. No. 3.  Following
compliance with that directive, acknowledgment of service forms were
returned as executed with respect to defendants Copeland (Dkt. No. 8),
Chester (Dkt. No. 9), Hurley (Dkt. No. 10), Smith (Dkt. No. 11), and Sawyer

(Dkt. No. 21), but unexecuted as to defendants Sherrod and Nalley.[2]  *See* Dkt. No. 12.

On January 9, 2004, plaintiff filed an amended complaint in the matter.[3]  Plaintiff's amended complaint named several BOP employees, in addition to the seven defendants initially sued, including Harley G. Lappin, Director of the BOP; D. Drew, the new warden at FCI Ray Brook; (first name unknown) Copenhaver, a BOP Assistant Warden; (first name unknown) Fink, a BOP safety employee; (first name unknown) Baldwin, a BOP officer; and Mickey E. Ray, the BOP Northeastern Regional Director.  *See id.*

Following the filing of plaintiff's amended complaint, amended summonses were issued and forwarded to the United States Marshal Service for service upon the various defendants, as well as the United States Attorney and the Attorney General.  *See* 4/25/04 Dkt. Entry.  Those forms were signed and returned with respect to defendants Smith (Dkt. No. 23), Sawyer (Dkt. No. 24) and Hurley (Dkt. No. 25), all of whom had previously been served in the action, but were returned unexecuted with

---

[2]     Acknowledgment of service forms were also received, reflecting service upon the United States Attorney for the Northern District of New York (Dkt. No. 17) and upon the United States Attorney General, in Washington, D.C. (Dkt. No. 18).

[3]     Because no responsive pleading had yet been served, and he had not previously amended the complaint on file, plaintiff was authorized by rule to file an amended complaint without first obtaining a court order.  *See* Fed. R. Civ. P. 15(a).

4

regard to defendants Chester, Copeland, Nalley and Sherrod.  Dkt. No. 27.

On February 15, 2005 the United States Marshal's Service sent plaintiff a notice directing him to submit USM-285 forms for service upon the remaining defendants, including Baldwin, Ray, Copenhaver, Lappin, Fink and Drew.  Dkt. No. 39.  Thereafter, waiver of service forms were returned as executed with regard to defendants Ray (Dkt. No. 41), Fink (Dkt. No. 43) and Baldwin (Dkt. No. 44), but unexecuted as to defendant Drew (Dkt. No. 42), as well as defendants Lappin and Copenhaver (Dkt. No. 47).  Plaintiff was subsequently advised on July 18, 2005 by the United States Marshal's Service that additional waiver of service forms were required for service upon defendants Lappin and Copenhaver.  Dkt. No. 46.

Based upon the foregoing, it appears that defendants Copeland, Chester, Hurley, Smith, and Sawyer were served with the original complaint in the action, and that original defendants Smith, Sawyer and Hurley, as well as newly added defendants Ray, Fink and Baldwin, have been served with the amended complaint.  Defendants Chester and Copeland, while having been served initially, were never served with the amended complaint, and defendants Fink, Baldwin, and Ray have been served only with the amended complaint.  According to the docket sheet, it does not appear that

5

defendants Sherrod, Nalley, Lappin, Drew and Copenhaver were ever served in the action.

II.   DISCUSSION

    A.   Motion to Compel Service

On September 13, 2004 plaintiff moved seeking an order requiring the United States Marshal to serve his amended complaint on all defendants in the action.  Dkt. No. 28.  Plaintiff's motion was based upon my directive on January 12, 2004, following the filing of plaintiff's amended complaint, that the clerk prepare and forward to the United States Marshal supplemental summonses and waiver of service forms, together with copies of the amended complaint, for service upon the additional defendants.  Dkt. No. 14.  In opposition to that motion, defendants' counsel filed with the court a letter, dated October 27, 2004, arguing the existence of confusion with regard to the identities of the defendants named, the issue of which have been served and, for those served, the question of which version of plaintiff's complaint accompanied that service.[4]  Dkt. No. 30.  In that letter,

---

[4]    The confusion stemming from plaintiff's failure to provide specific information regarding the defendants has been compounded by defendants' failure to identify those among them who have appeared in the action.  In defendants' October 27, 2004 letter counsel stated that

    [s]ervice has been effected on three of the named

defendants' counsel also requested an extension until December 30, 2004 to allow defendants to respond to the complaint. Dkt. No. 30. That request was granted by order issued on November 23, 2004. Dkt. No. 31.

On December 29, 2004, while plaintiff's motion to compel service remained pending, defendants moved seeking dismissal of plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or alternatively, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[5] That motion, unfortunately, indicates only that it is made on behalf of the defendants, without distinguishing between those who have been served with the initial complaint only, those who have received the amended complaint, and those who remain unserved. Dkt. No. 37.

While defendants' dismissal motion asserts several bases for dismissal of plaintiff's claims, it does not challenge the sufficiency of service

---

defendants. With respect to the four of the defendants, the summons [sic] were returned unexecuted as the defendants are no longer employed at FCI Ray Brook, however, these defendants have requested representation by the Department of Justice which has been approved.

Letter dated 10/27/04 (Dkt. No. 30) at 1-2. Unfortunately, however, the letter does not specifically name the defendants referenced in that portion of the letter. *See id.*

[5]     That motion, which remains pending, will be separately addressed in a report and recommendation to be issued in the near future.

upon the defendants.  This shortcoming is fatal to defendants' apparent

contention that at least some of the defendants who have been served and

appeared were not properly served with plaintiff's amended complaint.  Rule

12(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that

> [e]very defense, in law or fact, to a claim for relief in
> any pleading, whether a claim, counterclaim, cross-
> claim, or third-party claim, shall be asserted in the
> responsive pleading thereto if one is required, except
> that the following defenses may at the option of the
> pleader be made by motion: . . . (2) lack of
> jurisdiction over the person, . . . (4) insufficiency of
> process, (5) insufficiency of service of process[.] . . .
> A motion making any of these defenses shall be
> made before pleading if a further pleading is
> permitted.

Fed. R. Civ. P. 12(b).  Critically, that rule goes on to provide that

> [a] defense of lack of jurisdiction over the person, . . .
> insufficiency of process, or insufficiency of service of
> process is waived . . .  if it is neither made by motion
> under this rule nor included in a responsive pleading
> or an amendment thereof permitted by Rule 15(a) to
> be made as a matter of course.

Fed. R. Civ. P. 12(h)(1).  "Courts in this Circuit and elsewhere have held that

this Rule applies only to those defendants who choose to defend the actions

against them, but fail to raise the issue of personal jurisdiction."  *Jang v.

Lee*, No. 02 CV 5072, 2005 WL 525527, at *2 (E.D.N.Y. Feb. 22, 2005).  As

one court has observed,

> [t]he message conveyed by the present version of
> Rule 12(h)(1) is quite clear.  It advises a litigant to
> exercise great care in challenging personal
> jurisdiction . . . or service of process.  If he wishes to
> raise any of these defenses he must do so at the
> time he makes his first significant defensive move –
> whether it be by way of a Rule 12 motion or a
> responsive pleading.

*Rohrer v. FSI Futures, Inc.*, 981 F. Supp. 270, 275 (S.D.N.Y. 1997) (quoting

5A Wright & Miller, Federal Practice and Procedure § 1391 (2d ed. 1990);

internal quotation marks omitted).

In this case defendants Sawyer, Smith, Hurley, Copeland, Chester,

Fink, Baldwin, and Ray, all employees of the BOP, have been served and

appear to be represented by the United States Department of Justice,

through the United States Attorney for the Northern District of New York.

That office has moved seeking dismissal of plaintiff's complaint, without

specifying that the motion is made only on behalf of the defendants who

have thus far been served with plaintiff's amended complaint.  Based upon

the failure of defendants' counsel to raise the sufficiency of service of

process in defendants' dismissal motion, which is fully briefed and pending

for decision by the court, I find that any defenses related to service of the

amended complaint have been waived as to those defendants and,

accordingly, will deny plaintiff's motion to compel further attempts at service

9

as moot with respect to them.

The situation with regard to defendants Sherrod, Nalley, Lappin, Drew and Copenhaver is more troublesome.  None of those defendants has yet been served, and it is unclear whether they have formally appeared in the action.  Accordingly, defendants' counsel will be directed to advise the court and plaintiff, in writing, whether the United States Attorney for the Northern District of New York is authorized to appear for and represent those unserved defendants in this action.  In the event they are not, then plaintiff will be directed to provide USM-285 forms for those BOP officials, and the United States Marshal's Service will be directed to effectuate service of the summons and amended complaint upon those additional defendants.

B.    Motion To Compel Separate Counsel

Plaintiff's second motion seeks disqualification of the United States Attorney from representing all of the individual defendants.  Dkt. No. 31.  In support of that motion plaintiff argues that joint representation in this action will result in a nonwaivable and irreconcilable conflict of interest.  *See id.* In his motion plaintiff asserts that since the defendants are named in both their individual and official capacities, and "are likely to lose their homes, cars, bonds, assets and other property for acts they committed outside their

10

job description", separate representation is mandated.  Dkt. No. 33.

In a terse, one sentence response to the motion, addressed to Magistrate

Judge David R. Homer, defendants' counsel asserts that both its office and

the Bureau of Prisons have complied with the requirements of 28 C.F.R. §

50.15.[6]  Dkt. No. 36.

In this circuit, motions of this nature are disfavored in light of the fact

that disqualification of an attorney impinges on a party's right to employ

counsel of choice, and such motions are often interposed for purely tactical

purposes.  *See Song v. Dreamtouch, Inc.*, No. 01 Civ. 0386, 2001 WL

487413, at \*4-\*5 (S.D.N.Y. May 8, 2001) (citing *Evans v. Artek Sys. Corp.*,

715 F.2d 788, 791-92 (2d Cir. 1983)).  Plaintiff relies on *Katz v. Morgenthau*,

709 F. Supp. 1219 (S.D.N.Y. 1989), *aff'd in part, rev'd in part on other*

*grounds by* 892 F.2d 20 (2d Cir. 1989) as support for his disqualification

motion.  While the *Katz* court does discuss the potential for conflict of

interest in joint representation such as this, the court also notes that

---

[6]        Section 50.15 requires Department of Justice attorneys to notify a
federal employee of his right to retain private counsel at his own expense.  28 C.F.R. §
50.15(a)(8).  If the employee chooses to be represented by the Department of Justice,
the Department of Justice must notify the employee, *inter alia*, that it will not assert any
legal position or defense on behalf of the employee which is deemed not to be in the
interest of the United States, and that while no conflict exists at the time representation
is commenced if one arises the employee will be advised of the conflict and steps will
be taken to resolve it, including, in some circumstances, through provision of private
counsel.  28 C.F.R. § 50.15(a)(8)-(11).

11

"attorney disqualification is not mandated in all cases of joint representation." *Id.* at 1227.  As in *Katz*, plaintiff Colon has not specifically alleged that the defendants' actions were committed outside the scope of their employment.  Moreover, this is not a case where the employing entity – the BOP – has been sued in addition to its individual employees, and their defenses may be in conflict.  Accordingly, this case is not analogous to cases such as *Dunton v. County of Suffolk*, 729 F.2d 69 (2d Cir. 1984).

I note that in his motion, plaintiff has offered no indication of any facts or issues that would suggest a conflict of interest, nor has he demonstrated that conflicting defenses are likely to be presented.[7]  Plaintiff's suggestion that conflicts may develop represents nothing more than sheer conjecture on his part.  While it is true that doubts should be resolved in favor of disqualification, a party seeking disqualification must meet a "high standard of proof" before disqualification will be granted.  *Evans*, 715 F.2d at 791 (internal quotation marks and citation omitted).  Plaintiff has not met his burden in this regard.

Defendants' counsel has represented that full compliance with the

---

[7]      Indeed, this court's review of defendant's dismissal/summary judgment motion confirms that, at least to date, the defenses offered by the various named defendants are congruent.

requirements of 28 C.F.R. § 50.15, including 1) investigation as to any

actual or potential conflict of interest, 2) disclosure to each employee

regarding the means to address any conflict which should arise in this case,

and 3) advice as to the right of each defendant to be represented by his or

her own counsel, if they so elect, has occurred.  Accordingly, I find that

disqualification at this juncture is not warranted.[8]

III.    SUMMARY AND ORDER

        Because defendants' counsel has appeared and interposed a

dismissal motion on behalf of the defendants who have been served,

without raising the sufficiency of service as to plaintiff's amended complaint,

plaintiff's motion to compel service upon the served defendants is denied as

moot.  Defendants' counsel will be required, however, within ten (10) days of

the date of this order, to advise the court and plaintiff whether she is

authorized to accept service and appear on behalf of defendants Sherrod,

Nalley, Lappin, Drew and Copenhaver.  In the event that counsel is not

authorized to represent one or more of those defendants, plaintiff will then

be required to prepare USM-285 forms for any such defendant and provide

them, together with adequate copies of the supplemental summons and

_____

        [8]      Undoubtedly, as this case unfolds defendants' counsel will be vigilant as
to the existence of any potential and nonwaivable conflict of interest.

13

amended complaint, to the United States Marshal for service upon those additional parties.

Plaintiff's motion to compel defendants to retain separate counsel is denied, based upon his failure to meet the heavy burden of establishing a basis to deprive defendants of their right to employ counsel of their choosing, without prejudice to his right to raise the issue in the future should there be a material change in the relevant circumstances.

Based upon the foregoing it is hereby

SO ORDERED.

David E. Peebles
U.S. Magistrate Judge

Dated:       September 28, 2005
             Syracuse, NY

G:\prisoner\orders\903cv1018order.wpd

14