UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FELIX ANTONIO COLON,

           Plaintiff,

   -against-                                           9:03-CV-1018
                                                             (LEK/DEP)

KATHLEEN H. SAWYER, *et al.,*

           Defendants.

## DECISION AND ORDER

     This matter comes before the Court following a Report-Recommendation filed on May 31, 2007 by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 74). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Defendant Warden D. Drew ("Defendant" or "Drew"), which were filed on June 14, 2007 and by Plaintiff Felix Antonio Colon ("Plaintiff"), filed on June 18, 2007. Deft's Objections (Dkt. No. 75); Plntf's Objections (Dkt. No.76 ).

     It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved.

1

In the Report-Recommendation, Judge Peebles recommended dismissal of Plaintiff's claims, as to all Defendants, with the exception of Defendant Drew.  Judge Peebles explained that, unlike all the other defendants, who had insufficient personal involvement with the facts alleged to sustain liability,  "[q]uestions of fact remain... regarding the personal involvement of defendant former Warden Drew." Report-Rec. (Dkt. No. 74) at 31.

Defendant Drew filed an objection to the Report-Recommendation, in which he asserted qualified immunity from suit and requested that he, like the other Defendants, be dismissed from this action.  Deft's Obj. (Dkt. No. 75) at 1.[1]  The doctrine of qualified immunity "shields public officials from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would not have known, or insofar as it is objectively reasonable for them to believe that their acts do not violate those rights."  Whalen v. County of Fulton, 126 F.3d 400, 404 (2d Cir.1997) (internal quotations and citations omitted).

As Drew acknowledges in his objection, "the matter of whether a defendant official's conduct was objectively reasonable...is a mixed question of law and fact."  Deft's Objection (Dkt. No. 75) at 2.  Although qualified immunity is a question of law for the Court, if there are "factual disputes [which] bear directly upon whether it was objectively reasonable for the officers to believe that they were acting lawfully," these disputes must be resolved by a jury before the legal question can be addressed.  Stephenson v. Doe, 332 F.3d 68, 81 (2d Cir. 2003) (quoting Oliviera v. Mayer, 23 F.3d 642, 650 (2d Cir. 1994)).

---

[1]Prior to the issuance of the Report-Recommendation, only Defendants Hurley, Copeland, and Smith had asserted a qualified immunity defense,

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 74 ) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Defendants' Motion for summary judgment be **GRANTED in part** and Plaintiff's remaining claims be dismissed, as to Defendants Smith, Copeland, Hurley, Nalley and Ray, but otherwise **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    July 05, 2007
          Albany, New York

*/s/ Lawrence E. Kahn*
Lawrence E. Kahn
U.S. District Judge