UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FELIX ANTONIO COLON,

        Plaintiff,

-against-                                                                9:03-CV-1018
                                                                        (LEK/DEP)

KATHLEEN H. SAWYER, *et al.*,[1]

        Defendants.

## DECISION AND ORDER

### I. Background

Currently before the Court is a Motion for reconsideration of the Court's Order of July 5, 2007, filed by Defendant Warden Drew ("Defendant" or "Drew"). Motion (Dkt. No. 79); Order (Dkt. No. 77). The July 5 Order of this Court approved and adopted a Report-Recommendation issued by Judge David E. Peebles, which recommended dismissal of Plaintiff's claims as to all Defendants except Drew. Report-Recommendation (Dkt. No. 74). The Court declined to dismiss all claims against Drew on the grounds that there were outstanding factual disputes that needed to be resolved by a jury before the dominant legal issue, that of qualified immunity, could be addressed. Order (Dkt. No. 77).

Drew seeks reconsideration of the Order and asserts that no material facts are in dispute, so that the legal issues should be decided presently. Motion (Dkt. No. 79) at 2.

---

[1] All of the Defendants named in the Complaint have been dismissed, except Warden Drew.

## II.   Standard of Review

"The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), *quoted in* DGM Investments, Inc. v. New York Futures Exch., Inc. 288 F.Supp.2d 519, 523 (S.D.N.Y. 2003)). Reconsideration is also appropriate when it is "necessary in order to correct a clear error or prevent manifest injustice." DGM Investments, Inc., 288 F.Supp. 2d at 523 (internal quotations omitted).

## III.   Analysis

Plaintiff's claim concerns the level of enforcement at Ray Brook Federal Correctional Institution of policies restricting smoking. Amended Complaint (Dkt. No. 13). Specifically, Plaintiff alleges that Drew and others failed to enforce the smoking ban, causing exposure to environmental tobacco smoke that rose to the level of a violation of Plaintiff's rights under the Eighth Amendment. Id. As noted in the Report-Recommendation, a supervisor will not be liable for a constitutional violation unless he or she was directly and personally involved in the events giving rise to the violation. Report-Recommendation (Dkt. No. 74) at 28. The record indicates that Drew responded personally to Plaintiff's medical complaints and investigated the prison staff's enforcement of the non-smoking policy, including their own compliance, and found no lack of enforcement. Id. at 29-30. The conclusion of the Report-Recommendation was that, as opposed to the other defendants, who had insufficient personal involvement in the matter to support liability, Drew had some personal involvement. Id. However, because some details of Defendant's involvement were in dispute, summary judgment was denied. Id.

Upon reexamination, the Court is convinced by Drew's argument that any remaining factual dispute about Defendant's involvement is not material and that the actual dispute between the parties "is not factual - rather, it indicates a difference of opinion over what is adequate enforcement." Motion (Dkt. No. 79) at 2.  Drew further argues that he is entitled to qualified immunity for his implementation of institutional smoking policies and determining such entitlement, in the absence of a material factual dispute, is a purely legal question. Id. at 3.  See also Lennon v. Miller, 66 F.3d 416, 421- 422 (2d Cir. 1995).

Under the doctrine of qualified immunity, government officials performing discretionary functions are shielded from liability if "'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.'" Harlow v Fitzgerald, 457 U.S. 800, 818 (1982).  See also Stephenson v. Doe, 332 F.3d 68, 77 (2d Cir. 2003).  If "'officers of reasonable competence could disagree' on the legality of the action at issue in its particular factual context," then the officer is entitled to qualified immunity. Walczyk v. Rio, 496 F.3d 139, 154 (2d Cir. 2007) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

Defendant argues, correctly, that the issue of qualified immunity ideally should be decided by the Court before a trial begins.  See Saucier v. Katz, 533 U.S. 194, 201 (2001) (holding that qualified immunity should be decided "at the earliest possible stage in litigation"); Hunter v. Bryant, 502 U.S. 224, 228 (1991) ("immunity ordinarily should be decided by the court long before trial"). Considering the above discussion, the Court's failure to properly consider whether Drew was entitled to qualified immunity was an error that justifies reconsideration of the July 5 Order.

Defendant argues convincingly that he is entitled to qualified immunity for his actions implementing and enforcing the anti-smoking policy, including investigating Plaintiff's complaints

3

of non-enforcement.  Motion (Dkt. No. 79, Attach. 1) at 3- 4.  Defendant explains that his actions in originally allowing guard discretion in the enforcement of the anti-smoking policy were strategic attempts to "minimize the potential for inmate unrest and corresponding security concerns" as the policy was introduced.  Id. at 3.  See also Deft's Stat. of Facts (Dkt. No. 72, Attach. 9) at ¶¶ 14-16.  The purpose of qualified immunity is to protect government employees who perform discretionary acts from liability, as well as the burden of litigation, as long as their actions were reasonable.  See Harlow, 457 U.S. at 817-818; Lennon, 66 F.3d at 420.  Additionally, the Supreme Court of the United States has noted that, "[b]ecause the realities of running a penal institution are complex and difficult," the policies instituted by prison administrators are owed "wide-ranging deference" by courts.  Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119,126 (1977).  See also Washington v. Harper, 494 U.S. 210, 223-224 (1990).  Considering this deference and the highly discretionary nature of Defendant's work, as well as the general reasonableness of Defendant's actions, Defendant is entitled to qualified immunity.

## IV.  Conclusion

After reconsideration of Drew's Motion for summary judgment, the Court finds that Drew is protected by qualified immunity.  Accordingly, Defendant can bear no liability for his actions in this case, and the case must be dismissed.

Accordingly, it is hereby

**ORDERED**, that Defendant's Motion for reconsideration (Dkt. No. 79) is **GRANTED**; and it is further

**ORDERED**, that the Report-Recommendation (Dkt. No. 74) is **REJECTED in part**, to the extent it recommends denying summary judgment against Defendant Drew, but otherwise **ADOPTED**; and it is further

**ORDERED**, that Defendants' Motion for summary judgment (Dkt. No. 72) is **GRANTED in full**; and it is further

**ORDERED**, that the Clerk close case number 9:03-CV-01018; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    December 17, 2007
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge