UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FELIX ANTONIO COLON,

                    Plaintiff,

   -against-                                 9:03-CV-1018 (LEK/DEP)

D.B. DREW, Warden, FCI Ray Brook,

                    Defendant.

**DECISION and ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on January 21, 2011 by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 120). Therein, the Magistrate Judge recommends that a third Motion for summary judgment and dismissal of Plaintiff's action (Dkt. No. 113) be denied in all respects. On February 3, 2011, Defendant D.B. Drew ("Defendant") filed objections ("Objections") to that Report-Recommendation. Dkt. No. 121.

**II.   DISCUSSION**

    **A.  Standard of Review**

This Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Where, however, an objecting "'party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews

the Report and Recommendation only for clear error.'" Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (citations and quotations omitted)).

Plaintiff brings this action alleging that Defendant violated his rights under the Eighth Amendment by failing to enforce no-smoking policies at the Ray Brook Federal Correctional Institution ("FCI Ray Brook"), thereby subjugating Plaintiff, an alleged asthmatic, to the deleterious effects of environmental tobacco smoke ("ETS"), or second-hand smoke.[1]  As with any Eighth Amendment failure to protect claim alleging past injury as a result of prison conditions, Plaintiff must demonstrate that, objectively, the complained of condition is sufficiently serious to warrant protection, and that, subjectively, the prison official acted with "deliberate indifference" to inmate health or safety.  See Wilson v. Seiter, 501 U.S. 294 (1991); see also Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Defendant seeks summary judgment dismissing Plaintiff's action.

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986) ("summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such

---

[1] The Court presumes familiarity with the underlying facts of this action.  For a more complete statement of the facts and procedural history, attention is directed to Plaintiff's Amended Complaint (Dkt. No. 13); Defendant's Statement of Material Facts (Dkt. No. 113-3); and the Report-Recommendation (Dkt. No. 120).

that a reasonable jury could return a verdict for the nonmoving party"). When considering a motion for summary judgment, a court must construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in that party's favor. See Liberty Lobby, 477 U.S. at 255; Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003).

### B. The Objective Prong

Looking first to the objective prong, Magistrate Judge Peebles found that "a reasonable factfinder could conclude that plaintiff's exposure to excessive quantities of ETS at Ray Brook caused or aggravated an existing medical condition that is sufficiently serious for purposes of the objective prong of this Eighth Amendment claim." Report Rec. at 22. He reached this finding despite the fact that Plaintiff offered no medical expert,[2] and Defendant offered the opinions of an expert witness, Dr. Robert W. Irwin, a pulmonologist, who upon review of Plaintiff's medical records, opined that exposure to ETS cannot cause asthma, that Plaintiff's symptoms are inconsistent with a diagnosis of asthma, and that prison medical staff incorrectly diagnosed Plaintiff.

Magistrate Judge Peebles rejected Defendant's argument that the uncontradicted opinions of their expert necessitated summary judgment. He did so relying, first, on the prison medical records that Plaintiff has submitted, which date back to April 10, 2003 and evince Plaintiff's being treated for respiratory and other conditions which he attributes to exposure to second-hand smoke. Those records include documentation of: medical staff at FCI Raybrook referencing a diagnosis of asthma; Plaintiff's being placed in a pulmonary clinic for purposes of monitoring his asthma condition;

---

[2] In June of 2006, Plaintiff, appearing *pro se* and proceeding *in forma pauperis*, moved for a Court-appointed independent expert pursuant to Federal Rule of Evidence 706(a). Dkt. No. 64. Defendant opposed that Motion, see Dkt. No. 66, and on October 31, 2006, Magistrate Judge Peebles denied it without prejudice. See Dkt. No. 69.

Plaintiff's medication regime for the treatment of his asthma condition; and an incident in which Plaintiff was taken to a local hospital where he received a diagnosis of chest pain/asthma. See Report-Rec. at 4-5, 20-21. The Magistrate Judge states,

> Defendant seems to suggest, however, that in light of Dr. Irwin's opinion that plaintiff was misdiagnosed, the court should simply overlook the documented facts that over a substantial period of time plaintiff's asthma condition was monitored by the pulmonary clinic at FCI Ray Brook and treated with two separate inhaler prescriptions. These facts, which seemingly contradict Dr. Irwin's opinion, plainly present an issue of fact that can only be resolved at trial.

Id. at 21. On this point, the Magistrate Judge notes that the Second Circuit has already found that Plaintiff's allegations, including that he was housed in poorly ventilated areas with inmates, many of whom smoked one or more packs of cigarettes daily, could potentially satisfy the objective requirement prong of the Eighth Amendment test. Id. at 22 n.8; see Drew v. Colon, 335 Fed. App'x 86 (2d Cir. 2009) (vacating this Court's grant of summary judgment on qualified immunity grounds and remanding for further proceedings).

Defendant objects to the above findings, arguing that, "at trial, in order to establish the necessary facts, *i.e.* that he has asthma or some other serious medical condition and that it was caused and/or exacerbated by his exposure to ETS, Plaintiff would have to have a medical witness who was competent to offer testimony to that effect." Objections at 2-3 (citing Miles v. County of Broome, No. 3:04-CV-1147, 2006 WL 561247, at *4 (N.D.N.Y. Mar. 6, 2006)). Defendant argues that, because discovery has closed and Plaintiff has no opposing medical expert, he will be unable to present the evidence necessary to support his claim. Id. (citing Miles, 2006 WL 561247). Defendant further objects that the admissible evidence in this action, namely Dr. Irwin's opinion that Defendant does not suffer from asthma at all, demonstrates the false premise upon which Plaintiff's claim rests. Id. Accordingly, Defendant contends, summary judgment must be granted.

4

The Court finds ample support for the Magistrate Judge's findings.  As noted, the Second Circuit has signaled that Plaintiff's complaints of asthma symptoms, chest pain, eye irritation, breathing difficulties, fatigue, and dizziness after being exposed to ETS at FCI Ray Brook, all of which are well documented by corroborating prison medical records, combined with his allegations of being housed in poorly ventilated areas with inmates who smoked, is sufficient to establish objective injury.  See Colon v. Drew, 335 Fed. App'x 86, 88 (2d Cir. 2009) (citing *inter alia* Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002)).  Defendant's reliance on Miles, 2006 WL 561247, for the proposition that medical testimony is necessary to fill in the causal link between the alleged injury and dangerous condition ignores this fact.  It also skips over an important difference in the underlying claim.  While both involve alleged Eight Amendment violations, in the instant action, Plaintiff asserts that Defendant failed to protect him from serious harm, an altogether different claim from that in Miles, which alleged prison medical practitioners' failure to provide adequate medical care.  Only in this latter type of claim would a medical expert be required.  Lastly, in Miles, unlike here, the plaintiff's medical record did not clearly support the complained of injury.  Id. at *1-2.

Even were medical testimony necessary, Defendant's reliance on Miles for the proposition that Plaintiff is precluded from obtaining an expert now, after the close of discovery, is misplaced. In Miles, Judge McAvoy found that the plaintiff was precluded from extending the time to obtain an expert in order to defeat summary judgment.  In reaching this decision, he found deficient the plaintiff's explanation for not having obtained an expert previously, namely that the plaintiff did not realize expert testimony was needed.  Given the nature of the claim raised, Judge McAvoy admonished that "it was reasonably certain that the case would involve medical testimony." Id. at

*4. Here, Plaintiff offers no such flimsy excuse. Plaintiff recognized that, even if not needed, expert testimony could bolster his case, and moved for appointment of an independent expert long before discovery closed. Dkt. No. 64. Defendant objected to that Motion. Dkt. No. 66. Magistrate Judge Peebles denied Plaintiff's Motion "without prejudice to renew before the trial judge once this matter is set for trial." Dkt. No. 69 at 3. Thus, nothing in Miles supports the arguments Defendant now raises.

In sum, the Court finds Defendant's Objections without merit and adopts the Magistrate Judge's conclusion that a reasonable jury could find that Plaintiff's exposure to excessive quantities of ETS at Ray Brook caused or aggravated a medical condition that is sufficiently serious to satisfy the objective prong of his claim.

### C. Subjective Prong

Magistrate Judge Peebles additionally found that triable issues of fact exist as to "whether Warden Drew was aware of but disregarded an excessive risk to Colon's health presented by his exposure to unhealthy levels of ETS." Id. at 24-25. The Magistrate Judge states that evidence in the record indicates that Defendant reviewed Plaintiff's Request for Administrative Remedy, which expressly references the symptoms that he claims result from his exposure to ETS, and that triable issues exist as to whether Defendant, in response, took reasonable steps to protect Plaintiff. Id. Defendant objects that the record does not contain sufficient evidence to find the subjective prong of the Wilson test met, that while the evidence underlying the Magistrate Judge's findings could support a claim that Defendant was negligent, it cannot support a finding of deliberate indifference. Objection 4-8.

The Court has considered these objections, undertaken a de novo review of the record, and

determined that the Report-Recommendation should be approved for the reasons stated therein.

### IV. CONCLUSION

For the above reasons, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 120) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Defendant's Motion for summary judgment (Dkt. No. 113) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   February 25, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge